UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ARETHA VIRGINIA WRIGHT**                                    **CASE NO. 3:24-CV-00517**

**VERSUS**                                                    **JUDGE TERRY A. DOUGHTY**

**J & J PROPERTIES OF WEST MONROE L L**    **MAG. JUDGE KAYLA D. MCCLUSKY**
**C ET AL**

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 25] filed by Defendant Louisiana Land Bank, ACA ("LLB"). *Pro se* Plaintiff, Aretha Wright ("Wright"), filed an Opposition [Doc. No. 34], and LLB filed a Reply [Doc. No. 37].

For the reasons set forth below, Defendant's Motion is **GRANTED**.

## I. FACTS AND PROCEDURAL BACKGROUND

This case concerns certain immovable property (the "Property") located in Tensas Parish, Louisiana.[1] Michael Johnson ("Johnson") acquired the Property by a patent from the United States of America in 1845.[2] On September 5, 1845, by deed of sale, William G. Vorse purchased the Property from Johnson, and the act of sale was recorded in the official records of Tensas Parish on September 6, 1845.[3] Wright states that she is a direct heir of patentee, Johnson, and has perfected title over the Property.[4] Drue Fournet ("Fournet") declared that he prepared a full abstract of title tracing the ownership of the Property from the first known owner, Johnson, to the most recent owner, J &J Properties of West Monroe LLC ("J&J"), and identified eighty-six (86) instruments

---

[1] [Doc. No. 1].
[2] [Doc. No. 24-10, p. 25].
[3] [Doc. Nos. 24-3 and 24-7].
[4] [Doc. No. 38, p. 7].

1

of title evidencing the same.[5] The following facts discuss how J&J purportedly acquired the Property.

On or around March 21, 2021, J&J purchased the Property from William and Susan McDonald and Edwin and Aimee McDonald (collectively, the "McDonalds") for a cash sum of $351,719.00.[6] The Act of Cash Sale, which was recorded on March 2021, as Instrument No. 204172,[7] was described as follows:

> BEGINNING at Corner common to Sections 25, 26, 35 and 36 of T13N -R11 E, Tensas Parish, Louisiana, thence run S 00 °18'00" E along the line common to Sections 35 and 36 for 2,639.35 feet to a point in the center line of a Tensas Parish Highway; thence turn and run N 22 ° 33'00" W along the center line of said Tensas Parish Highway for 1,277.74 feet to the PC of a curve to the right ; thence run in a northwesterly direction along the said center line being in a curve and having a radius of 2 ,397.65 feet, the chord being N 18 ° 15'24" W 358.99 feet for 359 .33 feet to the PT of said curve ; thence run N 13 ° 57'48" W along the said center line for 273.00 feet to the PC of a curve to the left; thence run in a northwesterly direction along the said center line being in a curve and having a radius of 1,646 .77 feet, the chord being N 16 °25 '07" W 141 .09 feet for 141 .14 feet to the PT of said curve; thence run N 18 ° 52'26" W along the said center line for 1,557 .26 feet to a point ; thence run N 17 ° 38'48" W along the said center line for 1,068 .82 feet to a point; thence run N 18 °47'12" W along the said center line for 1,069 .60 feet to a point at the PC of a curve to the left and thence run in a northwesterly direction along said center line and being in a curve having a radius of 411 .58 feet , the chord being N 29 °06'50 "W 147.57 feet for 148.37 feet to the PT of said curve ; thence run N 39 °26'28"W along the said center line for 203.03 feet to a point ; thence run N 50 ° 33'32" E for 132.12 feet to an iron pipe ; thence run N 32 °41'29" W for 294.51 feet to an iron pipe ; thence run S 54 ° 07'15" W for 155 .86 feet to a point in the aforesaid center line ; thence run N 35 °52'45 " W along the said center line for 295 .78 feet to the PC of a curve to the right ; thence run in a northwesterly di rection along the said center line being in a curve and having radius of 748.98 feet , the chord being N 24 °33'15"W 294.16 feet for 296 .08 feet to the PT of said curve; thence run N 13 ° 13'45" w along the said center line for 123.36 feet to a point in the intersection of the northern line

---

[5] [Doc. No. 24-3, p. 2].
[6] [Doc. No. 24-4].
[7] [Id.]

of the Southwest one quarter of the Northeast One Quarter of said Section 26; thence turn and run N 89 °01 '30 " E along the said northern line of the Southwest One Quarter of the Northeast One Quarter for 1,092.50 feet to an iron pipe at the northeast corner thereof; thence run S 00 °25'32" E along the eastern line of the said Southwest One Quarter of the Northeast One Quarter for 1,328.09 feet to an iron pipe at the southeast corner thereof; thence run N 89 ° 00'53" E along the northern line of the Northeast One Quarter of the Southeast One Quarter of Section 26 for 1,454.64 feet to an iron pipe at the northeast corner thereof; thence run S 00 °23 ' 12" E along the eastern line of said Section 26 for 2,655 .68 feet to an iron pipe at the corner common to Sections 25, 26 , 35 and 36 and The Point of Beginning. The above tract of land is situated in a portion of the East One Half of the Northeast One Quarter of Sect ion 35 and a portion of the Southeast One Quarter and a portion of the Southwest One quarter of the Northeast One Quarter of Section 26 , T13N , R11 E, Tensas Parish , Louisiana , and containing 134 .6755 acres, more or less, and being shown on plat of survey prepared by Frank L. Messinger, Professional Land Surveyor, dated April 25, 1997.[8]

LESS AND EXCEPT the following tract of land, to wit:

FROM an iron pipe at :the Corner common to Sections 25; 26, 35 and 36, T13N- R11 E, Tensas Parish. Louisiana, thence run S00°18'00" E along the line common to Sections 35 and 36 for 2,145.04 feet to an iron pipe and THE POINT OF BEGINNING; thence continue S 00 °18'0011 E along the eastern line of Sections 35 and 36 for 494.31 feet to a point in the center line of a Tensas Parish Highway; thence -turn and run N 22 °33'00" W along the center line of said Tensas Parish Highway for 457.50 feet to a point; thence run N 67°27'00" E for 187.17 feet to an iron pipe and The Point of Beg inning. The above described tract of land is situated in a portion of the Southeast One Quarter of the Northeast One Quarter of Se[c]tion 35, T1.3N-R11E, Tensas Parish, Louisiana, and containing 0.9829 acres, more or less, as ·surveyed oy Frank L. Messinger, Professional Land Surveyor, io March of 1998.

Prior to J&J's ownership, the McDonalds purchased a one-half (1/2) interest in the Property from Ralph Joseph Bass, and another one-half (1/2) interest in the Property from William Aly Guithrie, Jr., and Barbara Allen on May 21, 1997, which was recorded in the official records of

---

[8] [Doc. No. 24-4].

3

Tensas Parish. Thus, as of May 21, 1997, the McDonalds had acquired full ownership of the Property.

On April 8, 2021, LLB, a government-sponsored agricultural credit association in Monroe, Louisiana, issued a promissory note to J&J secured by a multiple indebtedness mortgage with the Property as collateral.[9]

On April 18, 2024, Plaintiff filed a complaint for damages for unauthorized use and possession of patented land, possible engagement of timber and/or oil and gas operations, and a petitory action under La. Civ. Code Art. 3651.[10]

On January 29, 2025, Defendant filed the instant Motion seeking dismissal of Plaintiff's claims because LLB is the lender, not the owner or possessor of the Property.

The issues have been briefed, and the Court is prepared to rule.

## II.   LAW & ANALYSIS

### A.  Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), the court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (cleaned up). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In other words, "the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion

---

[9] [Doc. No. 25-3].
[10] [Id.].

4

for summary judgment." *Id*. at 247-48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994). But summary judgment is appropriate when the evidence is "merely colorable or is not significantly probative." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (cleaned up).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence*."* *Turner v. Baylor Richardson Med. Ctr*., 476 F.3d 337, 343 (5th Cir. 2007) (cleaned up). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr¬McGee Oil and Gas Corp.,* 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally—and importantly—there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.

### B.  *Pro Se* Leniency

The pleadings *of pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc*., 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834

Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). However, *pro se* plaintiffs must plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also*, *Taylor*, 296 F.3d at 378; *Cledera v. United States*, 834 Fed. App'x at 972).

Wright failed to produce any summary judgment evidence to oppose Defendant's Motion. However, because Wright is *pro se*, the Court will analyze the issues below.

### C. Analysis

LLB asserts that Wright's claims must fail because LLB is not the owner or possessor of the Property. In Response, Wright states "after taking a deeper dive at the case laws concerning security interest versus ownership, I am willing to enter into discussions with LLB's counsel about removing LLB as a defendant and amending my Complaint."[11] Wright then ask this Court to grant "an order allowing Plaintiff and LLB to enter into resolution discussions to remove [LLB] as defendant in this action."[12] Further, it appears that Wright seeks to amend her complaint to dismiss LLB.

An amended complaint is not needed. The Court agrees with the parties that LLB is not an owner or possessor over the Property and merely holds a nonpossessory right (a mortgage) over the Property to secure the performance of an obligation. A "mortgage is a nonpossessory right created over property to secure the performance of an obligation" La. Civ. Code art. 3278. "A mortgage neither gives 'title' nor possession to the mortgagee. . .." La. Civ. Code art. 3278 cmt. (b), *see also Howe v. Austin*, 4 So. 315 (La. 1888); *Miller v. Shotwell*, 38 La. Ann. 890 (1886); *Duclaud v. Rousseau*, 2 La. Ann. 364 (1858); *Conrad v. Prieur*, 5 Rob. 49 (La. 1843). Thus, there

---

[11] [Doc. No. 34, p. 4].
[12] [Id.]

is no genuine issue of material fact as to whether LLB has deprived Wright of any possession because it is undisputed that LLB has never claimed, nor had possession of the Property.

Therefore, Defendant's Motion is **GRANTED** and Plaintiff's claims against Defendant are dismissed.

### III.  CONCLUSION

For the reasons stated above, Defendant's Motion [Doc. No. 25] is **GRANTED**.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Plaintiff's claims against Defendant, Louisiana Land Bank ACA, are hereby **DISMISSED** with prejudice.

MONROE, LOUISIANA, this 24th day of March, 2025.

_____
Terry A. Doughty
United States District Judge