UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ARETHA VIRGINIA WRIGHT** | **CASE NO. 3:24-CV-00517** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **J & J PROPERTIES OF WEST MONROE L L C ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment [Doc. No. 24] filed by Defendant, J&J Properties of West Monroe LLC ("J&J"). *Pro se* Plaintiff, Aretha Wright ("Wright"), filed an Opposition [Doc. No. 38], and J&J filed a Reply [Doc. No. 39].

For the reasons set forth below, J&J's Motion is **GRANTED**.

**I.   FACTS AND PROCEDURAL BACKGROUND**

This case concerns certain immovable property (the "Property") located in Tensas Parish, Louisiana.[1] Michael Johnson ("Johnson") acquired the Property by a patent from the United States of America in 1845.[2] On September 5, 1845, by deed of sale, William G. Vorse ("Vorse") purchased the Property from Johnson, and the act of sale was recorded in the official records of Tensas Parish on September 6, 1845.[3] Wright alleges that she is a direct heir of patentee, Johnson, and has perfected title over the Property.[4] However, Drue Fournet ("Fournet") declared that he prepared a full abstract of title tracing the ownership of the Property from the first known owner,

---

[1] [Doc. No. 1].
[2] [Doc. No. 24-10, p. 25].
[3] [Doc. Nos. 24-3 and 24-7].
[4] [Doc. No. 38, p. 7].

1

Johnson, to the most recent owner, J&J, and identified eighty-six (86) instruments of title evidencing the same.[5] The following facts discuss how J&J purportedly acquired the Property.

On or around March 21, 2021, J&J purchased the Property from William and Susan McDonald and Edwin and Aimee McDonald (collectively, the "McDonalds") for a cash sum of $351,719.00.[6] The Act of Cash Sale was recorded in March 2021.[7]

Prior to J&J's ownership, the McDonalds purchased a one-half (1/2) interest in the Property from Ralph Joseph Bass, and another one-half (1/2) interest in the Property from William Aly Guithrie, Jr., and Barbara Allen on May 21, 1997, which was recorded in the official records of Tensas Parish. Thus, as of May 21, 1997, the McDonalds acquired full ownership of the Property.

On April 8, 2021, LLB, a government-sponsored agricultural credit association in Monroe, Louisiana, issued a promissory note to J&J secured by a multiple indebtedness mortgage with the Property as collateral.[8]

On or about April 28, 2022, Wright filed a unilaterally executed Louisiana Quitclaim deed, transferring any interest Johnson has in the Property to herself.[9]

On April 18, 2024, Wright filed a complaint for damages for unauthorized use and possession of patented land, possible engagement of timber and/or oil and gas operations, and a petitory action under La. Civ. Code Art. 3651.[10]

On January 29, 2025, J&J filed the instant Motion seeking dismissal of Wright's claims because J&J justly acquired the Property with clear chain of title.

The issues have been briefed, and the Court is prepared to rule.

---

[5] [Doc. No. 24-3, p. 2].
[6] [Doc. No. 24-4].
[7] [Id.]
[8] [Doc. No. 25-3].
[9] [Doc. No. 24-8].
[10] [Id.].

## II. LAW & ANALYSIS

### A. Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), the court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (cleaned up). A fact is "material" when proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In other words, "the mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment." *Id*. at 247-48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994). But summary judgment is appropriate when the evidence is "merely colorable or is not significantly probative." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co*., 671 F.3d 512, 517 (5th Cir. 2012) (cleaned up).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence*.*" *Turner v. Baylor Richardson Med. Ctr*., 476 F.3d 337, 343 (5th Cir. 2007) (cleaned up). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible

3

inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr-McGee Oil and Gas Corp.,* 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally—and importantly—there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state.

### B. *Pro Se* Leniency

The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 Fed. App'x 969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). However, *pro se* plaintiffs must plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also*, *Taylor*, 296 F.3d at 378; *Cledera*, 834 Fed. App'x at 972).

Wright first argues that J&J's use of Fournet's declaration is erroneous. Wright then argues that there are genuine issues of material fact as to whether she has an interest in the Property. J&J asserts that Wright cannot prove she has title good against the world as required under a petitory action. Alternatively, J&J argues that its interest is protected by the Louisiana public records doctrine.

### C. Analysis

Wright says J&J cannot use Fournet's declaration because Fournet was not disclosed as an expert witness and there is better evidence, namely Wright's deposition, that could have been used instead. J&J submits that it disclosed Fournet as an expert witness twice to Wright.[11] Further, J&J argues that it does not rely solely on Fournet's testimony, rather it relies on the public records which Fournet obtained and prepared an abstract of.

J&J is correct in asserting that it disclosed Fournet as an expert to Wright, and J&J attached exhibits from the public records to all portions of Fournet's declaration. Further, J&J decides what evidence it wants to use in support of its Motion. Whether Wright thinks her deposition is the best evidence for J&J to use in support of dismissal is irrelevant to our analysis. Moreover, the Court agrees that support for J&J's Motion primarily comes from public records, not Fournet's declaration. Thus, the objection regarding use of Fournet's declaration is denied.

### 1. "Good Title Against the World"

J&J argues that Wright cannot satisfy her burden of proof regarding her petitory action because she does not have "good title against the world."[12] Meanwhile, Wright asserts that her title in the Property is an "unbroken chain that links back to the Sovereign United States of America."[13]

A petitory action "is one brought by a person who claims the ownership of, but who does not have the right to possess, immovable property or a real right therein, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff's ownership." La. Code Civ. P. art. 3561. To receive a judgment recognizing Wright's ownership of immovable property or real right therein, she must:

---

[11] [Doc. No. 38, p. 9].
[12] [Doc. No. 24].
[13] [Doc. No. 38, p. 7].

> (1) Prove that she has acquired ownership from a previous owner or by acquisitive prescription, if the court finds that the defendant has been in possession for one year after having commenced possession in good faith and with just title or that the defendant has been in possession for ten years.
>
> (2) Prove a better title thereto than the defendant in all other cases.

La. Code Civ. P. art. 3653(A). Possession includes the detention or enjoyment of a corporeal immovable that one holds or exercises by himself. La. Civ. Code art. 3421; *Dunbar v. Seger-Thomschitz*, 638 F. Supp. 2d 659, 663 (E.D. La. 2009). To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing. La. Civ. Code art. 3424; *Franks Investment Company, L.L.C v. Shaw*, 268 So.3d 1210, 1214 (La. App. 2 Cir. April 10, 2019). "A just title is a juridical act, such as a sale, exchange, or donation, sufficient to transfer ownership or another real right. The act must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated." La. Civ. Code art. 3483.

Since 2021, J&J has held the Property as its owner and has maintained physical possession of it. Additionally, it is uncontested that J&J executed a written cash sale agreement, which was signed by both parties in the presence of a notary and two witnesses, and subsequently recorded in Tensas Parish, thereby establishing just title. As good faith is presumed, Wright offers no proof that J&J knew or should have known it was not the owner of the Property. La. Civ. Code. Art. 3481; *see Toerner v. Texas Co.,* 70 F.2d 239, 242 (5th Cir. 1934). Consequently, Wright is required to demonstrate that she obtained ownership from a prior owner or through acquisitive prescription, as outlined in La. Civ. Code P. art 3653(A)(1). The Court concludes that Wright fails to provide adequate evidence to prove her ownership or to establish acquisitive prescription. Acquisitive prescription necessitates possession, which Wright has never had. Furthermore, Wright cannot demonstrate that she obtained ownership from a previous possessor. Therefore, the Court will

proceed to evaluate whether Wright can prevail in her petitory action under La. Civ. Code P. art 3653(A)(2).

The Louisiana Supreme Court has held that "a plaintiff not in possession versus a defendant who is in possession is required 'to show good title against the world without regard to the title of the party in possession.'" *Saline Lakeshore, L.L.C. v. Littleton*, 2020-14 (La. App. 3rd Cir. 6/10/20), 298 So. 3d 894, 898 (quoting *Pure Oil Co. v. Skinner*, 294 So. 2d 797, 799 (La. 1974)). "Title 'good against the world' is proven by showing an unbroken chain of valid titles from the sovereign." *Id.* (quoting *Whitley v. Texaco, Inc.*, 434 So. 2d 96, 102 (La. App. 5th Cir. 1982), writ denied, 435 So. 2d 445 (La. 1983)). Wright has failed to show good title against the world, or even better title than J&J.

Wright asserts that her title is derived from the sovereign; however, she fails to provide any substantiating evidence apart from a quitclaim deed executed by herself, in which she merely claims to be the heir of Johnson and asserts her ownership of the Property. There is no additional documentation presented that demonstrates a continuous chain of title. Furthermore, public records indicate that the Property changed hands more than eighty-six (86) times from 1845 to 2021, with Wright not appearing in any of the recorded transactions. Consequently, Wright does not establish a superior title compared to J&J, and her speculative and conclusory claims regarding her title's validity against J&J do not suffice to survive summary judgment.

### 2. Public Records Doctrine

Alternatively, Wright argues that the quitclaim deed executed on April 28, 2022, a year after J&J acquired ownership, is sufficient to show her good title. J&J argues that this contention is false for two reasons. First, the quitclaim deed was executed one year after J&J began possessing

the Property. Second, even if Wright was Johnson's heir, he had no interest in the Property because he sold the land in 1845. The Court agrees with J&J.

"Under well-settled law of Louisiana, third persons, such as [J&J], dealing with immovable property may rely on the face of the public records and need not go beyond or behind those records in ascertaining the validity of the title they seek to acquire." *Pennington v. Colonial Pipeline, Co.*, 260 F. Supp 643, 648 (E.D. La. Nov. 18, 1966); *McDuffie v. Walker*, 125 La. 152, 51 So. 100 (1910); *Jackson v. Golson*, 91 So.2d 394 (La. App., 2nd Cir. 1956). Thus, any instrument that affects immovable property rights but is not recorded is null and void except between the parties. *AIX Energy, Inc. v. Bennett Properties, LP*, No. CV 13-3304, 2016 WL 5395870, at *3 (W.D. La. Sept. 26, 2016).

At the time J&J acquired the Property, there was no documentation indicating Wright's interest. In fact, in 2021, there were no records reflecting any outstanding interests or cloud on the Property aside from those of J&J's predecessors in title. Furthermore, a quitclaim deed does not assure that the grantor possesses a clear title or any ownership rights. *Armstrong v. Bates,* 61 So.2d 466, 470 (La. App. 1st Cir. 11/14/1952). The records clearly show that Johnson transferred any interest on the Property in 1845. Thus, no interest was transferred to Wright via the quitclaim deed. Even if Wright did have an interest in the Property when J&J took ownership, such interest is null and void because J&J is protected by the public records doctrine.

Therefore, J&J's Motion is **GRANTED** and Wright's claims against J&J are dismissed.

### III. CONCLUSION

For the reasons stated above, J&J's Motion [Doc. No. 25] is **GRANTED**.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Wright's claims against Defendant, J&J Properties of West Monroe, LLC, are hereby **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 8th day of April, 2025.

                                                Terry A. Doughty
                                           United States District Judge